Kelly, C.J.
(concurring). I agree with the Court’s order denying defendant’s application for leave to appeal. I write separately to briefly *1015 respond to Justice Corrigan’s allegation that changed circumstances warrant remanding this matter to the trial court.
Justice Corrigan claims that a dramatic change in circumstances justifies requiring the trial court to reweigh the imposition of its preliminary injunction against defendant. The change is the alleged bankruptcy of plaintiffs parent company, coupled with alleged bankruptcies of 13 other domestic subsidiaries of plaintiffs parent company. However, neither plaintiff nor defendant has notified this Court that plaintiff has initiated a bankruptcy proceeding. Therefore, nothing in the record before the Court supports Justice Corrigan’s suggestion that plaintiff is insolvent.
Should either of the parties wish to seek modification of the preliminary injunction, it may do so in the trial court. As Justice Corrigan correctly notes, a trial court may always modify an injunction if the facts merit it.[1] Thus, should the record ultimately reflect Justice Corrigan’s concerns, the trial court has the authority to grant the relief currently requested by defendant. However, any action in that regard at this time would be premature.
Accordingly, I concur in the Court’s order denying leave to appeal.

 Opal Lake Ass’n v Michaywé Ltd Partnership, 47 Mich App 354, 367 (1973).